# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT MCCLENDON,**

          **Plaintiff,**

**-vs-**                                                              **Case No. 6:08-cv-157-Orl-28KRS**

**STONE AGE PAVERS, INC., RICHARD R. RICE, JR.,**

          **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 23)** |
| **FILED:** | **July 15, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

    This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

The Settlement Agreement provides that Plaintiff Robbie McLendon (a/k/a Robert McClendon) will receive $5,500.00. Based on a review of discovery provided by Defendant, counsel for Plaintiff states that it appears that McLendon might be entitled to only $5,000.00 on his overtime claim. Therefore, he recommended that McLendon accept the agreement, and McLendon agreed to do so. All parties were represented by counsel during the settlement negotiations, and they attest to the fairness and reasonableness of the settlement. Accordingly, I recommend that the Court find that the overtime compensation to be paid to Plaintiff is a fair resolution of a bona fide dispute under the FLSA. Accordingly, I recommend that the Court do the following:

**FIND** that the overtime compensation Plaintiff will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DISMISS** the case with prejudice;

**DECLINE** to reserve jurisdiction to enforce the settlement agreement; and,

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy